**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4344**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ANTHONY LAMONT PAYNE,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:15-cr-00223-TDC-1)

———————

Submitted: December 29, 2016      Decided: January 6, 2017

———————

Before WYNN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Megan E. Coleman, MARCUSBONSIB, LLC, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Conor Mulroe, Special Assistant United States Attorney, Hollis Raphael Weisman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Anthony Lamont Payne of involuntary manslaughter, in violation of 18 U.S.C. § 1112 (2012). The district court sentenced Payne to 60 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Payne first challenges the sufficiency of the evidence to support his conviction for involuntary manslaughter arising from the victim's death in an automobile collision. Specifically, Payne asserts that the evidence failed to establish that his actions caused the victim's death. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In determining whether the evidence is sufficient to support a conviction, we determine "whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." United States v. Palacios, 677 F.3d 234, 248 (4th Cir. 2012) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). Furthermore,

2

"[d]eterminations of credibility are within the sole province of the jury and are not susceptible to judicial review." Id. (internal quotation marks omitted).

Pursuant to 18 U.S.C. § 1112 (2012), manslaughter is the unlawful killing of a human being without malice; involuntary manslaughter includes such killing in the commission of an unlawful act not amounting to a felony, or in the commission of a lawful act without due caution that might produce death. United States v. Pardee, 368 F.2d 368, 373 (4th Cir. 1966). To be convicted of involuntary manslaughter, the death must be within the risk reasonably foreseeable by the defendant's conduct. United States v. Main, 113 F.3d 1046, 1049 (9th Cir. 1997). "Foreseeability is to be determined by what a reasonable person would foresee as a reasonable probability within the risk of the conduct engaged in." Id.; see also United States v. Wipf, 397 F.3d 632, 635 (8th Cir. 2005) (conviction for involuntary manslaughter requires that defendant's actions were proximate cause of victim's death). We have thoroughly reviewed the record and conclude that there was sufficient evidence from which the jury could conclude that Payne was guilty of involuntary manslaughter.

Payne next argues that the district court erred in denying his request for a reduction in offense level for acceptance of responsibility. "We review the district court's decision to

3

deny a reduction in the offense level based on the defendant's acceptance of responsibility for clear error." United States v. Kise, 369 F.3d 766, 771 (4th Cir. 2004). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United State v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007) (internal quotations omitted). Pursuant to U.S. Sentencing Guidelines Manual § 3E1.1 (2016), a defendant is entitled to a reduction in offense level if he has promptly accepted responsibility for the offense.

In order to receive a reduction for acceptance of responsibility, "the defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." Kise, 369 F.3d at 771 (internal quotation marks omitted). The district court's determination is entitled to great deference. Id. Based on the evidence in the record and our review of the relevant legal authorities, we conclude that the district court did not err in denying Payne's request for an offense level reduction for acceptance of responsibility.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED